### GLENDENNING et al. v. STAFFORD CONST. CO.

(Supreme Court, Appellate Term.    June 21, 1912.)

BROKERS (§ 49*)—PERFORMANCE OF CONTRACT—RIGHT TO COMPENSATION.

Plaintiffs, brokers employed by defendant to secure a loan, went with defendant's president to a bank, and were informed that the bank would reply to the application within 48 hours, which defendant's president stated would be satisfactory. Within that time plaintiffs notified defendant's president that the bank had agreed to make the loan; but defendant discharged plaintiffs, with the information that the money had been procured elsewhere. Held, that plaintiffs were entitled to commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by John R. Glendenning and another against the Stafford Construction Company. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Riegelman & Bach, of New York City (Milton J. Bach, of New York City, of counsel), for appellants.

Goldfogle, Cohn & Lind, of New York City (Mr. Cohn, of New York City, of counsel), for respondent.

SEABURY, J. This is an action by mortgage brokers to recover commissions. The defendant authorized the plaintiffs to procure for it a loan of $26,000, secured by defendant's bond and a mortgage upon real estate in 182d street owned by the defendant. A broker in the employ of the plaintiffs went with the president of the defendant

company to a bank, and the officer of the bank stated that he would let the defendant know within 48 hours whether he would make the loan. The defendant's president said that this would be satisfactory, and within that time the plaintiffs notified the defendant's president that the bank had agreed to make the loan. The rulings of the court below precluded the plaintiffs from proving that they had procured a signed acceptance by the officers of the bank agreeing to make the loan. After the plaintiffs notified the president of the defendant company that the bank had accepted the loan, the latter discharged the plaintiffs, and said that it had procured the loan elsewhere. Upon the facts proved, the plaintiffs established a cause of action (Tanenbaum v. Boehm, 202 N. Y. 293, 95 N. E. 708), and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.